**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DAKIS GROUP, LLC, a New York limited liability company, and GEORGE T. SPYRIDAKIS, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>ZILLOW, INC., a Washington corporation d/b/a StreetEasy,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

### **CLASS ACTION COMPLAINT**

Plaintiffs Dakis Group, LLC, and George T. Spyridakis, by and through undersigned Counsel, individually and on behalf of other similarly situated individuals, allege, upon personal knowledge and the investigation of counsel, as follows:

### I.     <u>SUMMARY OF CLAIMS</u>

1.    This class action is brought against Defendant Zillow, Inc., d/b/a "StreetEasy" ("Zillow"), in response to Zillow's policy and practice of charging a daily fee in exchange for

CLASS ACTION COMPLAINT -1

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

posting real estate listings on its StreetEasy online platform and later masking or otherwise removing from public view the listing while continuing to charge the daily fee.

## II.    PARTIES

2. Plaintiff Dakis Group, LLC ("Dakis") is a New York limited liability company with its headquarters located in Queens County, New York.

3. Dakis is a member-managed company engaged in the sale and rental of real property located in the State of New York.

4. Plaintiff George T. Spyridakis ("Spyridakis") is a natural person who resides in and is a citizen of Nassau County, New York.

5. Spyridakis is a licensed real estate agent and the sole managing member of Dakis.

6. Defendant Zillow, Inc., d/b/a "StreetEasy" ("Zillow") is a Washington corporation whose principal office is located at 1301 2nd Ave., Fl 36, Seattle, Washington 98101, and whose registered agent for service of process in the state of Washington is United Agent Group, Inc., 707 W. Main Avenue #B1, Spokane, WA 99201.

7. Zillow's d/b/a, StreetEasy (https://streeteasy.com/), is an online platform that lists, for a fee, properties for rent or sale in New York City and New Jersey.

## III.    JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant.

9. This Court has personal jurisdiction over Zillow because it is headquartered and does business in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

CLASS ACTION COMPLAINT -2

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged occurred in this District.[1]

### IV.     FACTUAL ALLEGATIONS

11.     Zillow operates the most popular online real estate website and mobile app in the United States, providing updated home information to tens of millions of buyers, sellers, renters and lessors every day.

12.     In addition to the for-sale and rental listings on Zillow.com, Zillow owns and operates other real estate-oriented consumer brands including Trulia, StreetEasy and HotPads.

13.     One of Zillow's brands, StreetEasy (https://streeteasy.com/), is an online platform that lists, for a fee, properties for rent or sale in New York City and New Jersey. Currently, StreetEasy has approximately 15,000 properties listed on its online rental platform.

14.     Plaintiffs have listed more than 250 properties for rent or sale on the StreetEasy online platform.

15.     For each rental listing placed on StreetEasy, Zillow charges a fee of seven ($7.00) dollars per day.

16.     In exchange for the $7.00 fee, the listing realtor lists the property for rent on its StreetEasy platform, including the name and contact information of the listing realtor.

17.     Zillow allows multiple listing realtors to list the same property for rent at the same time on its StreetEasy platform, charging each listing realtor $7.00 per day.

18.     In the case of multiple realtors listing the same rental, Zillow's practice and procedure is to *display only the most recent listing realtor*, masking or otherwise removing from public view all prior listing realtors, while continuing to charge the prior listing realtor the $7.00 per day fee for the listing.

---

[1] Zillow's (StreetEasy's) Terms of Use require that users of Zillow's services agree to submit to the personal and exclusive jurisdiction and venue in the state and federal courts sitting in King County, Washington for all disputes, claims, and actions arising from or in connection with the Services or otherwise under their Terms of Use. https://www.zillow.com/z/corp/terms/ (Last viewed: Dec. 4, 2024)

CLASS ACTION COMPLAINT -3

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

19. Plaintiffs' rental listings have been masked or otherwise removed from public view due to this practice on numerous occasions, causing Plaintiffs to lose business, in addition to its daily advertising fee paid to Zillow. Accordingly, Plaintiffs have sustained damages as result of this practice.

20. Upon information and belief, this practice has similarly affected each of the members of the proposed class.

21. Plaintiffs, through this action, seek to recover the damages they and the Class have incurred as a result of paying for advertising for which they did not receive a benefit.

### V.    CLASS ACTION ALLEGATIONS

22. Plaintiffs bring their claims on behalf of two putative classes of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs seek to represent the following classes of persons:

**Class One: Damages Class**:

*All persons who, within the time frame relevant to this complaint, listed a property for sale or rent on Zillow's StreetEasy platform, in exchange for payment of a daily rate, only to have their listing masked or otherwise removed from public view, and who were still charged the daily rate after their listing was masked or otherwise removed from public view.*

**Class Two: Declaratory and Injunctive Relief Class**:

*All persons who, within the time frame relevant to this complaint, previously listed, are presently listing, or in the future intend to list, a property for sale or rent on Zillow's StreetEasy platform, in exchange for payment of a daily rate.*

23. As described herein, all requirements for class certification are met by the proposed Classes.

### Rule 23(a) Criteria

24. Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

CLASS ACTION COMPLAINT -4

**The Harbor Law Group**
8811 N Harborview Drive, Suite B
Gig Harbor, WA 98332-2174
(253) 358-2215

25. Although Plaintiffs do not know the precise number Class Members, the number is far greater than can be feasibly addressed through joinder due to the size of Defendant's business and the number of listings on its site on any given day.

26. There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include, among others: (i) whether Zillow masks or otherwise removes from public view, prior listings of a particular property in favor of newer listing of that same property; (ii) whether Zillow continues to charge the daily rate for listings that have been masked or otherwise removed from public view; (iii) whether this practice is widespread throughout the proposed class; and (iv) whether legal or equitable remedies for the Class are warranted.

27. Plaintiffs' claims are typical of the claims of the Class they seek to represent.

28. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions.

### Rule 23 (b)(2) Criteria

29. Class certification under Rule 23(b)(2) is appropriate because Zillow has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class they seek to represent. The Class Members are entitled to injunctive relief to end Zillow's common, uniform, and unfair policies and procedures.

30. Zillow's actions and methods in obtaining and using Plaintiffs' and Class members' funds breached their contracts with Plaintiffs and Class members, violate the law, and generally affect Plaintiffs and the Class members in the same way.

31. Zillow's actions complained of herein have caused, and unless enjoined by this Court will continue to cause, irreparable harm for which there is no adequate remedy at law to Plaintiffs and the Class members.

**Rule 23 (b)(3) Criteria**

32. Class certification is also appropriate under Rule 23 (b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Zillow's common, uniform, and unfair policies and practices. Zillow has computerized account data that will allow for the ascertainment and calculation of damages for specific Class Members by means of a uniform formula.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**
*On behalf of Damages Class*

33. The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. A breach of contract is actionable if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995).

35. "The basic elements of breach of contract are the same across states." *White v. Symetra Assigned Benefits Service Company*, 2022 WL 2983943 (W.D. Wa. July 28, 2022) (citations and quotations omitted).

36. Plaintiffs entered into an agreement with Zillow whereby Plaintiffs would pay Zillow a fee of $7.00 per day in exchange for listing a property on Zillow's "StreetEasy" online platform.

37. Plaintiffs paid Zillow in accordance with the parties' agreement, however Zillow breached the contract when it failed to maintain Plaintiffs' listing on the StreetEasy online platform for the agreed upon amount of time (or for the total amount of time Plaintiffs paid for).

38. Zillow's failure to maintain Plaintiffs' listings, while being paid to do so, caused Plaintiffs damages including, but not limited to, the sum of the fees paid to Zillow on those days which Plaintiffs' listed properties had been masked or otherwise removed from public view.

**SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**
*On behalf of Damages Class*
(**Pled in the alternative to Count I**)

39. The allegations set forth in Paragraphs 1 through 32 are realleged and incorporated herein by reference.

40. A person has been unjustly enriched when he has profited or enriched himself at another's expense, contrary to equity. *Cox v. O'Brien*, 206 P.3d 682, 688 (2009)

41. Plaintiffs paid Zillow a fee of $7.00 per day in exchange for displaying Plaintiffs' property listings on its StreetEasy online platform.

42. Despite accepting and retaining Plaintiffs' payments, Zillow failed to display Plaintiffs' property listing on its StreetEasy online platform.

43. Plaintiffs and Class Members had both an equitable and legal interest in the funds paid to Zillow in exchange for displaying their property listings on its StreetEasy online platform.

44. Zillow received a financial benefit when it failed to display Plaintiffs' and Class Members' property listings on its StreetEasy online platform despite retaining the funds paid to it by Plaintiffs and Class Members for the display of said property listings.

45. This financial benefit was conferred when Zillow earned more for listing a particular property than it was entitled to by receiving multiple payments for the same property on the same day, but only listing the property once, for only one of the multiple people who were paying for it at that time.

46. Zillow accepted or had knowledge of the benefit conferred on it by its customers who paid Zillow for the display of their property listing, but did not receive the display of their property listing or the resulting exposure.

47. Zillow understood and appreciated that the value and purpose of Plaintiffs' and Class members' payment to Zillow was for the display of their property listings on Zillow's StreetEasy online platform for each day paid for.

48. Zillow acquired Plaintiffs' and the Class Members' money through inequitable means in that it accepted money under the false premise that it would display Plaintiffs' and Class Members' property listings on its StreetEasy online platform, but then failed to display said property listings for a portion of the time for which it was compensated, without Plaintiffs' and Class members' knowledge or notice, and to their detriment.

49. As a result of Zillow's conduct, Zillow has been unjustly enriched in an amount equal to the profits it realized from collecting daily fee payments from Plaintiffs and Class Members to display their property listings on its StreetEasy online platform and then failing to display said listings.

50. Zillow should not be permitted to retain the payments which include profits realized by Zillow by collecting daily fee payments on property listings it failed to display on its StreetEasy online platform.

51. Zillow unjustly enriched itself by using money belonging to Plaintiffs and Class Members to further its business interests and generate profits for itself at the expense of Plaintiffs and Class Members.

52. Because Zillow chose to increase its profits by accepting Plaintiffs' and the Class Members' money for the display of their property listings on its StreetEasy online platform, while failing to display said listings, any such profits earned by Zillow should be disgorged.

53. Under principles of equity and good conscience, Zillow should not be permitted to retain the money wrongfully obtained, and should be compelled to return all unlawful or

unjust proceeds received by it as a result of the conduct alleged herein to Plaintiffs and the Class Members.

### THIRD CAUSE OF ACTION
(Declaratory and Injunctive Relief)
*On behalf of Injunctive Relief Class*

54. The allegations set forth in Paragraphs 1 through 31 are realleged and incorporated herein by reference.

55. There is a genuine and *bona fide* dispute, and an actual controversy and disagreement, between Plaintiffs and Zillow as to the system it utilizes to list properties on its StreetEasy platform, in exchange for payment of a daily rate.

56. Plaintiffs and members of the Class have no adequate remedy at law.

57. Balancing the equities, the members of the Class will suffer greater injury if an injunction is not granted, than Zillow will incur if the injunction is granted.

58. The public interest will be served by an injunction against Zillow by the enforcement of the requirements of the contract.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment in their favor and in favor of the Classes against Zillow, Inc., d/b/a "StreetEasy" and relief as follows:

A. Certification of the case as a class action on behalf of the proposed class, designation of Plaintiffs as representatives of the Classes, and designation of Plaintiffs' counsel of record as Class Counsel;

B. An Order directing Zillow to return all money wrongfully retained from Class Member listing fees;

C. Actual damages in an amount according to proof;

D. Disgorgement of any profits unjustly obtained though the conduct alleged herein;

E. An order permanently enjoining Zillow from further engaging in the conduct alleged herein;

F. A declaration of the Plaintiffs' and Class members' rights and obligations with regard to Zillow's property listing practices;

G. The issuance of an injunction prohibiting Zillow from continuing to engage in the business practices challenged herein;

H. Service payment to the representatives of the Class;

I. Reasonable attorneys' fees and costs;

J. Any and all such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: February 6, 2025

Respectfully submitted,

*/s/ Kira M. Rubel*

Kira M. Rubel, WSBA No. 51691
kira@theharborlawgroup.com
**THE HARBOR LAW GROUP**
8811 Harborview Dr. Ste. B
Gig Harbor, WA 98332
Telephone: (253) 358-2215
Facsimile: (253) 358-2215

Scott D. Owens (FL 0597651)
scott@scottdowens.com
(pending admission *pro hac vice*)
**SCOTT D. OWENS, P.A.**
2750 N. 29th Ave., Suite 209A
Hollywood, FL 33020
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

*Attorneys for Plaintiffs and the Putative Class*